IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, § | |
| § | |
| Plaintiff, § | |
| § | |
| V. § | No. 3:20-cv-1471-M |
| § | |
| APPROXIMATELY TWO HUNDRED § | |
| TWENTY-TWO (222) FIREARMS AND § | |
| FIREARM ACCESSORIES, § | |
| § | |
| Defendant. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS OF THE
UNITED STATES MAGISTRATE JUDGE**

Claimants Kevin and Sarah Gunnip have filed a motion for enforcement of judgment and return of property, *see* Dkt. No. 21, which Chief Judge Barbara M. G. Lynn has referred to the undersigned United States magistrate judge for hearing, if necessary, and for findings and recommendations, *see* Dkt. No. 24. Defendant the United States filed a response, *see* Dkt. No. 22, and Claimants filed a reply, *see* Dkt. No. 25.

Claimants seek the return of the defendant property, asserting that the United States failed to comply with the judgment by refusing to return the property after it failed to file a timely complaint for civil forfeiture and that, under Federal Rule of Criminal Procedure 41(g), the Court must order the defendant property returned because the property is not evidence or contraband in the criminal proceeding.

For the reasons explained, the Court should deny Claimants' motion.

**Background**

On December 6, 2018, the United States Bureau of Alcohol, Tobacco, Firearms, and Explosives executed a federal search warrant at the home of Claimants Kevin and Sarah Gunnip in Colleyville, Texas. *See* Dkt. No. 1 ¶¶ 2, 8-30. During the search, ATF agents seized approximately 222 firearms and firearm accessories. *See* Dkt. No. 1 ¶ 2. The seized firearms were allegedly bought or sold in violation of 18 U.S.C. § 922(a)(1)(A), which prohibits any person from "dealing in firearms" without a license. *See id.* ¶ 7.

On January 30, 2019, the ATF sent Claimants notice that the agency was starting administrative forfeiture proceedings against the defendant property. *See* Dkt. No. 15 at 2. Claimants contested the forfeiture and filed claims to the property on February 13, 2019. *See id.* The ATF then transferred the claim to the United States Attorney's Office to file a civil complaint for forfeiture within 90 days, as required under 18 U.S.C. § 983(a)(3)(A). *See id.*

On May 13, 2019, the United States filed an unopposed motion to extend the filing deadline. *See* 3:19-mc-37-N, Dkt. No. 1. But the United States missed that deadline – and another after that – before it filed its Complaint for Forfeiture In Rem. *See* Dkt. No. 18.

Claimants then filed a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). *See* Dkt. No. 10. The Court granted the motion and dismissed the complaint because the United States, under Section 983(a)(3)(A), failed to file its complaint within the 90-day deadline. *See* Dkt. Nos. 18 & 19. The Court

entered judgment on the same day, ordering the United States to "promptly release the property pursuant to regulations promulgated by the Attorney General." Dkt. No. 20 (quoting 18 U.S.C. § 983(a)(3)(B)).

Two months later, Claimants filed the present motion for enforcement of the judgment and return of the property. *See* Dkt. No. 21. Claimants contend that the United States has not complied with the judgment because it has not returned the property and it does not have an independent basis to continue holding the property. *See id.* at 4-5. Claimants also contend that, in addition to the requirements of the judgment, the United States must return the property under Federal Rule of Criminal Procedure 41(g) because the property is not contraband and is no longer needed as evidence. *See id.* at 5-6.

## Legal Standards and Analysis

### I. The United States complied with the judgment.

Claimants first argue that the United States has not complied with the January 13, 2021 Judgment.

In accordance with Section 983, the Court entered judgment requiring the United States to "promptly release the property pursuant to regulations promulgated by the Attorney General." Dkt. No. 20. The regulations for return of property promulgated by the Attorney General state that

> [i]f, under 18 U.S.C. § 983(a)(3), the United States is required to return seized property, the U.S. Attorney in charge of the matter shall immediately notify the appropriate seizing agency that the 90-day deadline was not met. Under this subsection, the United States is not required to return property for which it has an independent

-3-

> basis for continued custody, including but not limited to contraband or evidence of a violation of law.

28 C.F.R. § 8.13.

The United States complied with the judgment because, even though it missed the Section 983 deadline and cannot civilly forfeit the property, the statute "does not stand in the way when a different statutory scheme provides an independent basis for holding the property." *United States v. Martin*, 460 F. Supp. 2d 669, 675 (D. Md. 2006).

The United States has an independent basis to continue to hold the property as evidence and contraband, in accordance with a valid warrant. The United States seized the property pursuant to a Rule 41 search and seizure warrant authorized by a United States magistrate judge. The United States seized the defendant property as "evidence of a crime," "contraband, fruits of crime, or other items illegally possessed," and "property designed for use, intended for use, or used in committing a crime," related to alleged violations of 18 U.S.C. § 922(a)(1). Dkt. No. 22 at 3. The United States has stated that the criminal investigation is ongoing and that a criminal indictment is imminent. *See id.* at 4-5.

And the property is still needed as evidence of the alleged criminal violations. The United States contends that continued possession of the property is necessary to prove that Claimants were selling firearms illegally. *See* Dkt. No. 22 at 3-4. While Claimants argue that pictures of the firearms would suffice, *see* Dkt. No. 21 at 6, the United States asserts that further examination and tests of the defendant firearms may be necessary to determine if they meet the statutory definition of "firearm," *see*

Dkt. No. 22 at 3-4. So, with more tests needed and an indictment promised shortly, continued retention of the property as evidence is reasonable.

The United States has also shown that the defendant property is properly held as derivative contraband. In its application for the Rule 41 warrant, the United States established "probable cause for Claimants' crimes and the nexus between the defendant firearms and those crimes." *Id.* at 4. Because the property may have been used in furtherance of a crime, the United States may hold it as derivative contraband.

Further, the United States asserts that the return of approximately 66 seized firearms is already in process. *See id.* at 4 n.1. The United States notes that there may not be an independent basis to hold approximately 66 firearms because they are "arguably personal." *Id.* The U.S. Attorney has "issued a declination of criminal forfeiture to the ATF" regarding these firearms. *Id.* It thus appears that the United States has started the process to return the property, without undue delay, as mandated by 28 C.F.R. 8.13(a)-(b). *See Nwaorie v. U.S. Customs & Border Prot.*, 395 F. Supp. 3d 821, 837 (S.D. Tex. 2019) (noting that "no case … has interpreted CAFRA's statutory language 'promptly release' to equate to 'immediately release' or 'release within days'").

Because the United States has established an independent basis to hold the defendant property, the Court should find that the United States has complied with the Court's January 13, 2021 Judgment.

**II.    Claimants cannot move for return of the property under Rule 41(g) in this action.**

Claimants also argue that the defendant property should be returned under Federal Rule of Criminal Procedure 41(g), which states that

> [a] person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings.

Despite being found in the Rules of Criminal Procedure, motions for return of property under Rule 41(g) are considered independent civil actions when an indictment has not been filed, *see United States v. Search of L. Off., Residence, & Storage Unit Alan Brown*, 341 F.3d 404, 409 (5th Cir. 2003), and after criminal proceedings are concluded, *see Clymore v. United States*, 217 F.3d 370, 373 (5th Cir. 2000), *as corrected on reh'g* (Aug. 24, 2000).

The United States contends that Rule 41(g) motions are never appropriate in a case for civil forfeiture because, according to Federal Rules of Criminal Procedure 1(a)(1) and 1(5)(b), the rules of criminal procedure do not apply to civil forfeiture proceedings. *See* Dkt. No. 22 at 7. Claimants agree that Rule 41(g) does not apply to civil forfeiture, but they argue that their claim here is proper because the civil forfeiture proceeding is over. *See* Dkt. No. 25 at 3.

Because a judgment was entered and the case is closed, Claimants' new civil claim cannot be raised in this action. The judgment ending the civil forfeiture does

not transform this case into a vehicle for Claimants to file new claims that would not have been allowed while it was open. Indeed,

> if [Claimants'] new claims could *not* have been asserted until after the district court's entry of final judgment, the usual procedure would have been to file a new lawsuit to assert the new claims. New claims generally mean a new lawsuit, even if those claims are between the same parties to a prior lawsuit. [The Court is] unaware of any precedent for vacating the final judgment of a closed case in order to use that case as the forum for litigation of new claims that could not have been asserted previously, and [Claimants] ha[ve] shown [it] no support for such.

*Sentry Select Ins. Co. v. Home State Cty. Mut. Ins. Co.*, 582 F. App'x 284, 287 (5th Cir. 2014) (footnote omitted). The Court should therefore find that Claimants' Rule 41(g) motion cannot be raised in this closed case.

And, in any event, the Court should decline to exercise jurisdiction over the Rule 41(g) motion. When no indictment has been returned, a district court's exercise of jurisdiction over a Rule 41(g) motion for return of property is on equitable grounds. *See Brown*, 341 F.3d at 409. But "it does not automatically follow that this unique power should be exercised wherever it exists. Rather[,] such jurisdiction should be exercised with caution and restraint, and subject to equitable principles." *Id.* at 409 (quoting *Hunsucker v. Phinney*, 497 F.2d 29, 32 (5th Cir. 1974)). Courts should entertain requests for return of property on equitable grounds only after considering several factors, including:

> (1) whether the motion "alleges that government agents ... in seizing the property displayed a callous disregard for [the plaintiff's] constitutional rights"; (2) "whether the plaintiff has an individual interest in and need for the material whose return he seeks"; (3) whether the plaintiff

> "would be irreparably injured by denial of the return of the property"; and (4) whether the plaintiff has an "adequate remedy at law for the redress of his grievance."

*Koch Foods of Mississippi, LLC v. United States*, No. 3:19-CV-627-CWR-FKB, 2020 WL 476380, at *2 (S.D. Miss. Jan. 29, 2020) (quoting *Brown*, 341 F.3d at 410).

Here, Claimants do not address any of the factors for why the Court should exercise its equitable jurisdiction. And, on the current record, none seem to exist. The Court should therefore decline jurisdiction and deny Claimants' Rule 41(g) request without prejudice to filing a new civil action.

## Conclusion

The Court should deny Claimants' motion to enforce the judgment and deny without prejudice Claimants' motion for return of property under Rule 41(g) [Dkt. No. 21].

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the

factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: May 6, 2021

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE